## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**United States of America,**

    **v.**                                       **Case No. 2:13-cr-183**

**Amer Ahmad,**                                 **Judge Michael H. Watson**

    **Defendant.**

### ORDER

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) in light of the COVID-19 pandemic. Mot., ECF No. 120; Supp. Memo, ECF No. 127. The government opposes Defendant's request. Resp., ECF No. 121.

As a preliminary matter, the Government suggests that Defendant did not exhaust his administrative remedies, in part because FCI Terminal Island, where Defendant is housed, has no record of receiving a request from Defendant. Resp. 11–13, ECF No. 121. However, in Defendant's supplemental memo in support of his motion for compassionate release, he has provided a copy of a second request he sent to the Bureau of Prisons on August 1, 2020, "out of an abundance of caution." Supp. Memo 1, ECF No. 127. That request was denied by the Warden on September 1, 2020. *Id.* Therefore, Defendant has exhausted his administrative remedies, and the Court will proceed with the next step of the analysis.

18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce[1] Defendant's term of imprisonment and impose a period of supervised release (with or without conditions) that does not exceed the unserved portion of the original term of imprisonment if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" can include consideration of Defendant's medical condition, if he is (1) suffering from a terminal illness; (2) suffering from a serious physical or medical condition; (3) suffering from a serious functional or cognitive impairment; or (4) experiencing deteriorating physical or mental health because of the aging process. *See* USSG § 1B1.13, application note 1. In the event the Court finds such extraordinary and compelling circumstances warrant a reduction, the Court should consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, before determining whether to grant relief. *Id.* Defendant relies in part on the COVID-19 pandemic to demonstrate extraordinary and compelling circumstances. But this Court does not find that the existence of the pandemic alone constitutes extraordinary and compelling circumstances.

As it relates to COVID-19, the United States Department of Justice ("DOJ") has taken the position that extraordinary and compelling circumstances exist to

---

[1] Section 3582(c)(1)(A) provides for a modification of a sentence by way of reduction of the term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

warrant *consideration* for compassionate release if: (1) an inmate has a chronic medical condition recognized by the CDC as increasing the inmate's risk of becoming seriously ill from COVID-19, and (2) the inmate is not expected to recover from that condition. The DOJ believes that such a condition meets the definition of an "extraordinary and compelling reason" under U.S.S.G. 1B1.13 application note 1(A)(ii)(I), even if it would not meet that standard absent the risk of COVID-19. Finally, the CDC recognizes certain categories of people are at a greater risk of becoming seriously ill from COVID-19. *See* Centers for Disease Control, *Who is At Increased Risk for Severe Illness?*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Here, Defendant has provided evidence that he is overweight and has hypertension and mild asthma.[2] Being overweight and having hypertension are two conditions that "might" put someone at an increased risk for severe illness due to COVID-19, which is not the most serious category of conditions. Mild asthma, as opposed to moderate or severe asthma, is not listed as a condition that creates an increased risk for severe illness.

But even assuming extraordinary and compelling reasons exist that make

---

[2] Defendant's motion for compassionate release, ECF No. 120, also suggests he has been diagnosed as diabetic, but the Court was unable to find any information supporting this diagnosis in the medical records Defendant provided. *See, e.g.*, ECF No. 124-1, PAGEID # 977 (Hemoglobin A1c falls within the "consistent with absence of diabetes range"); *id.* at PAGEID # 1003 (negative health screen for diabetes).

Case No. 2:13-cr-183 Page 3 of 4

Defendant eligible for consideration for compassionate release, the § 3553(a) factors weigh against granting such relief. First, Defendant's full term of imprisonment is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. As Defendant admits and the Government emphasizes, Defendant's criminal conduct was very serious. Defendant violated the public trust for his own enrichment and then fled the country to evade the consequences of his actions. Defendant has served only approximately half of his prison sentence, which is insufficient to provide just punishment for his offense.

Defendant points to evidence of his post-sentence rehabilitation, which is commendable, but that is insufficient to warrant a nearly fifty-percent reduction in Defendant's period of incarceration.

Additionally, the Court finds that the BOP is in the best position to determine eligibility for release due to COVID-19, and it has not chosen to release Defendant.

In sum, the Court has considered the medical evidence submitted by Defendant but finds the § 3553(a) factors weigh against reducing Defendant's sentence. Accordingly, Defendant's motion, ECF No. 120, is **DENIED.**

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**